IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| )                             | |
| **Plaintiff,**             ) | |
| )                             | Case No. 98-CR-005-001-SEH |
| v.                           ) | |
| )                             | USM Number: 08273-062 |
| WILLIAM DAVID BROWN,    ) | |
| )                             | |
| **Defendant.**            ) | |

## OPINION AND ORDER

Before the Court is defendant's Motion for Miscellaneous Relief (Dkt. # 20). Defendant moves for correction of judgment, requesting that the Court order, *nunc pro tunc*, that the counts of conviction run concurrently with each other and with a discharged state imprisonment term.[1]

In August 1998 defendant entered pleas of guilty to Counts Three and Four of a Superseding Indictment charging Armed Carjacking, in violation of 18 U.S.C. § 2119, and Possession of a Firearm During Commission of a Violent Crime, in violation of 18 U.S.C. § 924(c), respectively. On November 24, 1998, defendant was sentenced to a 96-month term of imprisonment in Count Three and a 60-month term in Count Four, said terms to run consecutively to each other, for a total sentence of 156 months. Defendant appeared for sentencing on a Writ of Habeas Corpus Ad Prosequendum from the State of Oklahoma in Tulsa County Case No. CF-1997-5542. Following sentencing, defendant was returned to state custody and subsequently sentenced in Case CF-1997-5542 to a forty-year custody term. Because the Court was silent as to the relationship of the Tulsa

---

[1] Defendant moved pursuant to Rule 36 – Clerical Error. Rule 36 allows a court, at any time, to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Defendant has not alleged, and this Court has not found, any error in the judgment or any other record of this case. Modification or correction of judgment under Rule 36 is not justified as there is no error in the record.

County case to the instant sentences, and because the State of Oklahoma held primary custody of defendant, the state sentence was served first and the instant sentences were deemed to run consecutively to the imprisonment term imposed in Tulsa County Case No. CF-1997-5542. See 18 U.S.C. § 3584(a). Defendant discharged from state custody on February 2, 2015, and was transported to the Bureau of Prisons to begin service of the instant sentences. He was scheduled for discharge on June 4, 2026.

On August 27, 2015, the Court received a letter from the Bureau of Prisons requesting the Court's position with regard to whether defendant's sentence in Count Three should be retroactively designated to run concurrent with or consecutive to his state sentence (Dkt. # 16). The Court found it was proper for the Bureau of Prisons to retroactively designate a state facility as the place of confinement and run the 96-month imprisonment term in Count Three concurrently with the state sentence. In its order the Court specifically set out that ". . . the sentence in Count Three shall commence on the date of imposition, November 24, 1998, and run concurrently with Tulsa County Case No. CF-1997-5542. The 60-month term in Count Four, which mandates a sentence consecutive to any other sentence, shall commence upon satisfaction of the sentence imposed in Count Three and the imprisonment term imposed in Tulsa County Case No. CF-1997-5542." See Dkt. # 18, Order at p. 2. Review of sentence calculation records reveals that the Bureau of Prisons has properly executed on this Court's order. Defendant is now scheduled for release on June 15, 2019.

Defendant is asking that the sentence in Count Four be ordered to run concurrently with the term imposed in Count Three and the state sentence. The Court cannot grant defendant the relief he seeks. By statute, a sentencing court is barred from imposing a concurrent sentence on a §

924(c)(1) conviction. See 18 U.S.C. § 924(c)(1)(D)(ii); see also United States v. Ganzalez, 117 S.Ct 1032, 1033 (1997) (ruled § 924(c)'s plain language forbids a federal district court to direct that the sections' mandatory sentence run concurrently with any other prison term, whether state or federal.).

**IT IS THEREFORE ORDERED** that defendant's Motion for Miscellaneous Relief (Dkt. # 20) is **denied**.

**IT IS SO ORDERED** this 29th day of October, 2015.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT